Mr. Justice Clayton
delivered the opinion of the court.
The only question in this case which demands consideration, relates to the competency of Joel T. Crawford as a witness. The witness states that he paid the defendant Jackson nine hundred dollars in the spring of 1839, to be handed to the plaintiff in Mississippi. The suit is brought to recover this sum.
Was the witness interested in establishing this fact! He originally held the money either as a debtor to the plaintiff, or as a bailee for him; the precise character in which he'held not appearing from the record. But whether in the one character or the other, he was liable to some extent for it. If he parted with the money without the authority of the plaintiff, and without directions from him, he would be responsible for it, unless some circumstances existed to relieve him from such responsibility. None such have been shown. The recovery of the money in this action from the defendant, would release him from liability to the plaintiff. The proof that, the money came to the hands of the defendant, rests alone upon his testimony. He would seem then to have a direct interest in fixiug the liability of the defendant, as he would thereby discharge himself.
The rule is thus stated by Greenleaf. “ Where the event of the suit, if it is adverse to the party adducing the witness, will render the latter liable either to a third person, or the party himself, whether the liability arise from an express or implied legal obligation to indemnify,.or from an express or implied contract, to pay money upon that contingency, the witness is incompetent.” 1 Ev. 462. Again he says, “ where the plaintiff calls his own servant or agent, to prove an injury to property while in the care and custody of'the servant, the witness is inadmissible, because a verdict for the master or principal would place the servant or agent in k state of security, against any action which might otherwise be brought against'him.” Ib. 466. The principle applies quite as strongly to debtor and creditor. Without a release we think the witness was incompetent.
It is true, the presumption is always in favor of competency, but this presumption ceases when facts are shown to exist which establish an interest that disqualifies.
*547 For the error in admitting this testimony, against the exception of the defendant, the judgment will be reversed, and a new trial awarded.
Judgment reversed.